**Gambler v. Reinheimer**

C.P. of Lehigh County, no. 2004-C-2729.

*John O. Stover Jr.,* for plaintiffs.
*Thomas J. Turczyn,* for defendants.

BLACK, *J.,* December 13, 2006—Now, December 13, 2006, after trial without a jury held December 11, 2006, the court finds in favor of the defendants, George E. Reinheimer and Verna G. Reinheimer, against the plaintiffs, Roy Gambler and Deborah Gambler, based on the following findings and conclusions:

(1) The defendants, George E. Reinheimer and Verna G. Reinheimer (Sellers), did not make intentional, negligent or fraudulent misrepresentations to the plaintiffs, Roy Gambler and Deborah Gambler (Buyers), regarding the condition of the septic system at the property located at 1576 Blue Barn Road, South Whitehall, Lehigh County, Pennsylvania.

(2) In order for Buyers to succeed on a cause of action for fraudulent misrepresentation, they must demonstrate by clear and convincing evidence (1) a misrepresentation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or recklessness as to whether it is true or false; (4) with intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance. *Bortz v. Noon,* 556 Pa. 489, 499, 729 A.2d 555, 560 (1999); *Blumenstock v. Gibson,* 811 A.2d 1029 (Pa. Super. 2002).

(3) Buyers did not prove by clear and convincing evidence that Sellers misrepresented the condition of the septic system on the property.

(4) Under the Real Estate Seller Disclosure Law (RESDA) the seller of residential real estate must de-

liver a written property disclosure statement to the purchaser that reveals any material defects in the property.[1] A material defect is defined as "[a] problem with a residential real property or any portion of it that would have a significant adverse impact on the value of the property or that involves an unreasonable risk to people on the property. *The fact that a structural element, system or subsystem is near, at or beyond the end of the normal useful life of such a structural element, system or subsystem, is not itself a material defect.*"[2] (emphasis added)

(5) The septic system on the property is approximately 45 years old. Although the life of a septic system is generally around 20 years, the age of this system does not mean that it was in failure; nor does it permit the inference that Sellers knew or had reason to know of any problem with the system at the time of the transaction.

(6) Under RESDA, Sellers were not obligated to make any specific investigation or inquiry before completing the disclosure statement. Sellers cannot be held liable for any error, inaccuracy or omission of any information delivered pursuant to RESDA if the seller had no knowledge of the error, inaccuracy or omission, or if the error, inaccuracy or omission was based on a reasonable belief that a material defect or other matter not disclosed had been corrected.[3]

(7) During the period of time that Sellers owned the property the septic system appeared to be functioning normally.

---

1. 68 Pa.C.S. §7303.
2. *Id.,* §7102.
3. *Id.,* §7309.

(8) On one occasion in 1996 Mr. Reinheimer learned that some water was trickling back into the septic tank from the drainpipe. However, he was led to believe that this was not a problem, and the system continued to function normally thereafter.

(9) Mr. Reinheimer's testimony that he meticulously maintained his property, including his septic system, is credible. If Mr. Reinheimer had known of any malfunction with the septic system, at or before the time of settlement with Buyers, he would have corrected the problem.

(10) Sellers properly disclosed the existence of a gray water system when they reported that there was a cesspool on the property in paragraph 8(d) of Seller's Property Disclosure Statement. Additionally, the property had two pipes in the backyard sticking out of the ground, one for the septic tank and one for the gray water septic system, which were visible to Buyers on each of their three visits to the property. Mr. Reinheimer also pointed out the gray water system to Mr. Gambler on October 24, 2002, during the pre-settlement inspection.

(11) In the Sellers' Property Disclosure Statement the Sellers disclosed all material information affecting the property of which they knew or had reason to know. Hence, Sellers did not violate RESDA.

(12) In order to establish that Sellers violated the Unfair Trade Practices and Consumer Protection Law (UTPCPL) by engaging in fraudulent or deceptive conduct which caused a misunderstanding, Buyers must prove all the elements of common-law fraud. *Sewak v. Lockhart,* 699 A.2d 755, 761 (Pa. Super. 1997). Since we have concluded that Buyers failed to prove by clear and con-

vincing evidence that Sellers engaged in any act of common-law fraud, Buyers' claim under the UTPCPL must also be rejected.

(13) There is no evidence that Sellers were negligent in failing to disclose information about the property to Buyers. In the absence of a duty to disclose an unknown defect, there can be no negligence.

(14) There is no basis for a breach of contract claim. Buyers arranged for a termite inspection and a test of the potability of the well water prior to settlement on the property. However, they expressly waived their right under paragraph 13(B) of the Standard Agreement for the Sale of Real Estate to have a pre-closing inspection of the sewage disposal system. Buyers also signed a release in paragraph 25 of the agreement that provided as follows:

"Buyer hereby releases, quit claims and forever discharges Seller . . . from any and all claims, losses or demands, including, but not limited to, personal injuries and property damage and all of the consequences thereof, whether now known or not, which may arise from ... *any defects* in the individual on-lot sewage disposal system or deficiencies in the on-site water service system, or any defects or conditions on the property. This release will survive settlement." (emphasis added)

(15) By reason of the foregoing, the defendants, George E. Reinheimer and Verna G. Reinheimer, are entitled to the entry of judgment in their favor against the plaintiffs, Roy M. Gambler and Deborah A. Gambler.